**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Mar 15 2012, 9:12 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**MATTHEW G. GRANTHAM**
Bowers, Brewer, Garrett & Wiley, LLP
Huntington, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JOSEPH Y. HO**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| SHAWN MCDONALD, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 35A05-1110-CR-529 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE HUNTINGTON CIRCUIT COURT
The Honorable Thomas M. Hakes, Judge
Cause No. 35C01-1012-FC-295

**March 15, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**FRIEDLANDER, Judge**

Shawn McDonald appeals his conviction for Possession of Cocaine,[1] as a class C felony. McDonald presents as the sole issue on appeal the sufficiency of the evidence supporting his conviction.

We affirm.

The facts favorable to the conviction are that during the summer of 2010, McDonald was involved in a burglary ring in Huntington County, Indiana. Specifically, the thirty-three-year old recruited at least four young men in their late teens to commit burglaries and thefts. In exchange for the stolen property, McDonald generally paid the young men with marijuana and cocaine. After each burglary, the stolen property was taken directly to McDonald's garage for payment.

Late in the evening on September 15, 2010, three of the young men – Harley Lyons, Tyler Neal, and Cody Wyatt – were caught by police during an attempted theft. Upon questioning, Neal and Wyatt eventually revealed the crew's multiple burglaries/thefts, McDonald's involvement, and the presence of marijuana, cocaine, and stolen property at McDonald's residence. Specifically, Neal informed police that McDonald kept cocaine in a plastic container in the garage. Upon his release that night, Lyons called McDonald and warned him that Neal had provided information to the police.

Investigating officers executed a search warrant on McDonald's home early the following morning. James Meredith answered the door, and McDonald was found asleep in his bed with a rifle or long gun. McDonald cooperated with police as they searched the residence. A few stolen items were recovered from McDonald's bedroom and the kitchen,

---

[1] Ind. Code Ann. § 35-48-4-6 (West, Westlaw through 2011 1st Regular Sess.).

but the bulk of the stolen property was found in the attached garage. The officers also found a clear plastic container on a shelving unit in the garage near the door to the kitchen. Inside the container were two plastic Ziploc bags, both containing a white powdery substance, as well as a plastic lid. The container was taken into evidence and laboratory testing later revealed the presence of trace amounts of cocaine. In particular, the lid had cocaine residue on it and one of the plastic bags contained a trace amount of cocaine along with a substantial quantity of sodium bicarbonate, a commonly-used cutting agent.

Following a jury trial, McDonald was convicted of class C felony burglary, class C felony possession of cocaine, and multiple counts of class D felony receiving stolen property. The trial court imposed an aggregate sentence of fourteen years in prison, with five of those years suspended to probation. On appeal, McDonald challenges only his conviction for possession of cocaine, claiming the State presented insufficient evidence to establish that he constructively possessed the cocaine.

> Our standard of review for challenges to the sufficiency of the evidence is well settled.
>
> When reviewing the sufficiency of the evidence needed to support a criminal conviction, we neither reweigh evidence nor judge witness credibility. *Henley v. State,* 881 N.E.2d 639, 652 (Ind. 2008). "We consider only the evidence supporting the judgment and any reasonable inferences that can be drawn from such evidence." *Id.* We will affirm if there is substantial evidence of probative value such that a reasonable trier of fact could have concluded the defendant was guilty beyond a reasonable doubt. *Id.*

*Bailey v. State,* 907 N.E.2d 1003, 1005 (Ind. 2009).

A person commits possession of cocaine as a class C felony if, while in possession of a firearm, he knowingly or intentionally possesses cocaine. I.C. § 35-48-4-6 (West, Westlaw through 2011 1st Regular Sess.). A defendant, however, need not be caught red-handed in

3

order to be convicted for a possessory offense. *Gray v. State*, 957 N.E.2d 171 (Ind. 2011).

When the State cannot show actual possession, as in the instant case, a conviction may rest upon proof of constructive possession. *Id*. "A person constructively possesses contraband when he has (1) the capability to maintain dominion and control over the item; and (2) the intent to maintain dominion and control over it." *Id*. at 173.

To demonstrate that the defendant was capable of maintaining dominion and control, the State must show that the defendant was able to reduce the controlled substance to his personal possession. *Grim v. State*, 797 N.E.2d 825 (Ind. Ct. App. 2003). Proof of a possessory interest in the premises in which contraband is found is adequate to show the capability to maintain dominion and control over the items in question. *Gray v. State*, 957 N.E.2d 171. Even where possession of the premises is non-exclusive, the trier of fact may infer that a party in possession of the premises is capable of exercising dominion and control over all items on the premises. *Id*.

Turning to the intent element, our Supreme Court has explained:

> A trier of fact may likewise infer that a defendant had the intent to maintain dominion and control over contraband from the defendant's possessory interest in the premises, even when that possessory interest is not exclusive. [*Glee v. State*, 810 N.E.2d 338 (Ind. 2004)]. When that possessory interest is not exclusive, however, the State must support this second inference with additional circumstances pointing to the defendant's knowledge of the presence and the nature of the item. *Id*. We have previously identified some possible examples, including (1) a defendant's incriminating statements; (2) a defendant's attempting to leave or making furtive gestures; (3) the location of contraband like drugs in settings suggesting manufacturing; (4) the item's proximity to the defendant; (5) the location of contraband within the defendant's plain view; and (6) the mingling of contraband with other items the defendant owns. *Id*. (citing *Henderson,* 715 N.E.2d at 836); *see also Carnes v. State,* 480 N.E.2d 581, 586 (Ind. Ct. App. 1985) (list not exhaustive as other circumstances could just as reasonably demonstrate requisite

4

knowledge).

*Gray v. State*, 957 N.E.2d at 174-75.

In the instant case, there is no dispute that McDonald had a possessory interest in the home and attached garage, which is sufficient to establish his capability to maintain dominion and control over the cocaine. The issue, rather, is whether McDonald had the intent to maintain dominion and control over the cocaine.

We acknowledge that this is a close case. The evidence presented at trial, nevertheless, supplied additional circumstances that, combined with his possessory interest in the home, sufficiently established McDonald's intent to maintain dominion and control over the cocaine. In other words, there are additional circumstances pointing to McDonald's knowledge of the presence and character of the cocaine. In particular, although the garage was a common area of the residence, the record establishes that McDonald regularly used the garage in his criminal enterprises. Not only did he store large quantities of stolen property in the garage,[2] he also kept and dealt drugs out of the garage, exchanging cocaine and marijuana with his teenage crew for stolen property on a frequent basis. Further, the detectives had information from Neal, the youngest member of the group, that there would be cocaine "in a plastic container in the garage." *Transcript* at 472. Taken together, this evidence is sufficient to establish that McDonald had knowledge of the cocaine in his garage and, thus, the intent to maintain dominion and control over the cocaine.[3]

---

[2] McDonald acknowledged at trial that the stolen property found in his garage was not obtained by any of the other occupants of his home.

[3] We disagree with the State's assertion that the cocaine was "readily visible." *Appellee's Brief* at 7. There is simply no evidence in the record that the container with the trace amounts of cocaine was in plain view on

5

We affirm.

RILEY, J., and MATHIAS, J., concur.

---

the shelf.  Rather, the only specific testimony in this regard was that the container might have been inside a box on the shelf.